JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

County in which action arose: Oakland

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Law Offices of Daniel C. Flint, P.C.

**(b)** County of Residence of First Listed Plaintiff: Oakland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Douglas D Hampton, P.C.
2000 Town Center, Suite 1900, Southfield, MI 48075
248-351-2683

## DEFENDANTS
Bank of America, N.A.

County of Residence of First Listed Defendant: Oakland
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332(d)
Brief description of cause:
Breach of Contract; Contract Unconsionable

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 5,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: March 1, 2013
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

Notes :

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAW OFFICES OF DANIEL C. FLINT, P.C.,
for itself and all others similarly situated,

                Case
                Hon.

        Plaintiff,

v.

BANK OF AMERICA, N.A.,
a National Banking Association,
        Defendants.
_____/

**Law Offices of Douglas D. Hampton, P.C.**
Daniel C. Flint (P73983)
Attorneys for Plaintiff
2000 Town Center, Suite 1900
Southfield, MI 48075
(248) 351-2682
info@danielcflint.com
_____/

## CLASS ACTION COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff LAW OFFICES OF DANIEL C. FLINT, P.C, individually and on behalf of all others similarly situated, by and through his Attorneys, and for his causes of action, he states as follows:

### *INTRODUCTION*

This Complaint is brought on behalf of Plaintiff Corporation and on behalf of all others similarly situated in order to recover actual damages, statutory damages, costs and attorneys fees from Defendant, arising from Defendant's unfair and unconscionable assessment and collection of excessive overdraft fees.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which members of the putative plaintiff class are citizens of States different from Defendants.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims under 28 U.S.C. § 1367.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Bank of America regularly conducts business in the Eastern District of Michigan.

## PARTIES

4. At all times relevant, individual and representative Plaintiff Law Offices of Daniel C. Flint, P.C. ("Plaintiff") holds its principal place of business in Southfield, Michigan (Oakland County). Plaintiff is a member of each of the Putative Classes defined below.

5. At all times relevant, Defendant Bank of America, N.A. ("BOA"), was a National Banking Corporation regularly and systematically conducting business in Oakland County Michigan. BOA is incorporated in the State of Delaware and maintains its principal place of business in Charlotte, North Carolina.

6. BOA is a national bank, subject to the National Bank Act, 12 U.S.C. §1, *et seq.*, and regulations created by the Office of the Comptroller of the Currency.

## *BACKGROUND AND FACTUAL ALLEGATIONS*

7. At all times relevant, Plaintiff was a business customer of BOA.

8. At all times relevant, Plaintiff held a business checking account with BOA.

9. At all times relevant, one of the services BOA provided to Plaintiff, in connection with the business checking account, was to provide a business debit card, also known as a check card or ATM card.

10. Whenever a customer uses the debit card, the transaction is processed electronically. Therefore, BOA is notified instantaneously when the card is swiped, and thus has the immediate option to accept or decline the transaction.

11. BOA uses a software program to automate its overdraft system. This system intentionally maximizes the number of overdrafts in order to charge each business customer the maximum amount of fees. Specifically, BOA accomplishes this by processing daily transactions starting with the largest debit and ending with the smallest, instead of processing such transactions in chronological order.

12. As a result of BOA's processes set forth in paragraph 11, Plaintiff was charged overdraft fees that it would not have otherwise been charged had BOA processed the transactions in chronological order.

## *CLASS ALLEGATIONS*

13. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

14. Plaintiff brings all claims herein as class claims pursuant to Fed. R. Civ. P. 23. Plaintiff hereby reserves the right to amend the class action allegations after further discovery on the matter has

occurred. The requirements of Fed. R. Civ. P. 23(a) and (b)(3) are met with respect to the class defined below.

### A. Class Definition(s)

15. The Class is defined as:

> All persons or entities who hold a business checking account with Defendant Bank of America, N.A.
>
> Excluded from the Class are: Defendant, any entities in which it has a controlling interest, any of its parents, subsidiaries, affiliates, officers, directors, employees and members of such persons immediate families, the presiding judge(s) in this case and his, her on their immediate family and Plaintiff's counsel.

### B. Numerosity

16. At this time, Plaintiff does not know the exact size of the class; however, due to the fact that BOA is one of the largest national banks in the United States, Plaintiff believes that the Class members are so numerous that joinder of all members is impracticable. The number and identities of Class members is administratively feasible and can be determined through appropriate discovery and identification from Defendant's records.

### C. Commonality

17. There are questions of law or fact common to the class, including at least the following:

   (a) Whether BOA obtains consent from its customers prior to processing transactions that will result in overdraft fees;

   (b) Whether BOA alerts its customers that a debit card transaction will trigger an overdraft fee, and whether BOA provides its customers with an opportunity to cancel such transactions;

   (c) Whether BOA manipulates and reorders debits from highest to lowest in order to maximize the number of overdrafts and thus the amount of fees it can charge.

### D. Typicality

18. Plaintiff has the same interests in this matter as all other members of the Class, and his claims are typical of all members of the class.

### E. Adequacy

19. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in the prosecution of consumer class actions. Plaintiff will fairly and adequately represent the interests of the Class members and does not have interests adverse to the Class members and does not have interests adverse to the Class.

### F. The Prerequisites of Rule 23(b)(3) are Satisfied

20. This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially when compared to the relatively modest amount of monetary, injunctive and equitable relief at issue for each individual Class member. This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the class

## CAUSES OF ACTION

**COUNT I (Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing)**

21. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

22. Plaintiffs and BOA contract for a business deposit checking account, which included ATM and debit card services.

23. Under the laws of the states where BOA conducts business, good faith is an element of every contract pertaining to the assessment of overdraft fees. Whether by law or statute, all such contracts impose upon each party a duty of good faith and fair dealing.

24. BOA's overdraft policies are a breach of its duty of good faith and fair dealing.

25. Plaintiff and the Class have performed all, or substantially all, of the obligations imposed on them under the Deposit Agreement.

26. Plaintiff and the Class have sustained damages as a result of BOA's breach of the covenant of good faith and fair dealing.

### COUNT II (Unconscionability)

27. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

28. BOA's overdraft policies and practices are substantively and procedurally unconscionable in that they;

    a. Do not disclose to customers that they have the option to "opt out" of the overdraft scheme; and

    b. Apply debit transactions according to the highest debt to the lowest instead of chronological order.

29. The provisions in the agreements between Plaintiff and BOA that allow for the conduct set forth in paragraph 28 are unconscionable and, therefore, unenforceable as a matter of law.

30. The imposition of a overdraft charge which exceeds the amount overdraft is unconscionable.

31. Plaintiff and the Class sustained damages as a result of BOA's unconscionable policies and

practices.

### COUNT III (Statutory Conversion)

32. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

33. BOA has wrongfully collected overdraft fees from Plaintiff and the Class.

34. BOA assumed and exercised right of ownership of Plaintiff's funds without authorization or legal justification.

35. Plaintiff and the class had a property interest in the funds that were converted by BOA.

36. BOA continues to retain these funds unlawfully with the consent of Plaintiff or the Class.

37. As a direct and proximate result of Defendants' actions, Plaintiff has been permanently deprived of his property by Defendant's unauthorized acts.

38. Pursuant to MCL § 600.2919(a), Plaintiff and the class is entitled to damages in the amount of three times the value of the converted property together with costs, interest and attorney fees.

### COUNT IV (Unjust Enrichment)

39. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

40. BOA knowingly received and retained wrongful benefits and funds from Plaintiff, in conscious disregard for the rights of Plaintiffs and members of the Class.

41. BOA has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and the Class.

### COUNT V (Violations of State Unfair Trade Practice Laws)

42. Plaintiff re-alleges and hereby incorporates by this reference each and every preceding and subsequent allegation as though fully set forth herein.

43. BOA engages in unfair business practices relating to the imposition of overdraft fees on consumers, in violation of the Michigan Consumer Protection Act.

44. BOA violated the Michigan Consumer Protection Act by causing a probability of confusion with regard to the collection of a debt, and other provisions of the Michigan Consumer Protection Act. MCL 445.901 MCL 445.903.

### REQUEST FOR RELIEF

**THEREFORE**, Plaintiff and the Class respectfully request judgment as follows:

1. Declaratory Relief finding BOA's overdraft fee policies and practices to be wrongful, unfair and unconscionable;

2. Restitution of all overdraft fees paid to BOA by Plaintiff and the Class as a result of the wrongs alleged in this Complaint and in an amount to determined at trial;

3. Actual damages in an amount to be determined;

4. Punitive and exemplary damages; and

5. Any further relief as this Court deems just and proper under the circumstances.

Respectfully Submitted,

/s/ Daniel C. Flint
**Law Offices of Douglas D. Hampton, P.C.**
Daniel C. Flint (P73983)
Attorneys for Plaintiff
2000 Town Center, Suite 1900
Soutfield, MI 48075
(248) 351-2682
info@danielcflint.com

Dated: March 1, 2013