UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAW OFFICES OF DANIEL C. FLINT, P.C.,

    Plaintiff,                                              Civil Action No. 13-CV-10840

vs.                                                    HON. BERNARD A. FRIEDMAN

BANK OF AMERICA, N.A.,

    Defendant.

_____/

## **ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF SUMMONS**

### **and**

## **ORDER OF DISMISSAL**

On July 16, 2013, the Court issued an order in this matter requiring plaintiff to show cause why the Court should not dismiss the complaint for lack of prosecution. The Court issued this order because plaintiff has taken no action to prosecute the case after filing the complaint and obtaining a summons on March 1, 2013. In response to the Court's order, plaintiff asks that the summons be extended for an additional 150 days for the following reason: "Because the Complaint filed in this matter is a potential class action, efforts are underway to find outside counsel to help with the prosecution of the case." Pl.'s Resp. to the Court's Show Cause Ord. at 1.

Federal Rule of Civil Procedure 4(m) states:

> **Time Limit for Service**. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.
> . . .

It is plaintiff's burden to show good cause, and this "necessitates a demonstration of why service

was not made within the time constraints" of Rule 4.  *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).  To show good cause, plaintiff must demonstrate that he made at least some minimal effort to serve defendant during the 120-day period after issuance of the summons.  *See Bush v. City of Zeeland*, 74 F.App'x 581, 583 (6th Cir. 2003); *Brogdon v. U.S. Dept. of Agriculture*, 2006 WL 3246037, at *1 (W.D. Tenn. Nov. 7, 2006).

In the present case, plaintiff has not shown good cause for having failed to serve defendant before the summons expired.  Plaintiff does not indicate that he has made any effort whatsoever to serve defendant – a bank with a nationwide presence which presumably would be easily served by the standard means.  Plaintiff's counsel says only that he wants additional time to consult with other attorneys who may be interested in prosecuting this as a class action.  This does not excuse plaintiff's failure to serve defendant with process during the 120-day period of Rule 4(m).  Under these circumstances, the Court is required to dismiss the complaint.  Accordingly,

IT IS ORDERED that plaintiff's motion for extension of summons is denied.

IT IS FURTHER ORDERED that the complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

Dated: July 29, 2013
      Detroit, Michigan

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

2